LOTTINGER, Judge.
This is an action ex delicto for personal injuries sustained by plaintiff, Worth Gry-der, when he fell through the roof he was repairing. The defendants are Sheila Caruso, lessee of the building, and National Union Fire Insurance Company of Pittsburgh, insurer of the building’s owner, A. Foster Sanders, III. The plaintiff perfected this appeal from a trial court judgment denying relief.
A question of fact forms the threshold issue: Did the plaintiff fall through a section of the roof over which he had placed a flimsy piece of fiber board, or did he fall through a section of the roof which had not yet been repaired by him and which was defective?
Relying on Olsen v. Shell Oil Company, 365 So.2d 1285 (La.1978), the trial judge at first rendered judgment for the plaintiff, after finding that the portion of the roof through which the plaintiff fell was defective and had not previously been prepared for repair by the plaintiff. At defendant’s behest, the trial court granted a new trial and reversed itself. Although the trial court dictated oral reasons into the record following the trial, we have not been favored with reasons for judgment following the new trial. The written judgment, however, absolves both defendants of liability. The only way the trial judge could have reached this result was by finding that the plaintiff fell through a part of the roof over which the plaintiff himself had placed an inadequate covering. The court had to conclude, thus, that it was not the defective roof which caused the accident, and that recovery was necessarily precluded under La.C.C. art. 2322. We will therefore assume that the trial judge made such a factual finding following the new trial. Regardless of the legal theory under which the plaintiff seeks to recover, if this court cannot find that the trial judge clearly erred in his factual determination as to the cause of the fall, the judgment of the trial court must be affirmed.
The plaintiff and his nephew, David Gry-der, were working on the roof on Septem *92 ber 9, 1976, when the plaintiff apparently stepped back from a section of the roof which he had just repaired and fell between two rafters to the floor below. Both the plaintiff and his nephew testified that the section of the roof through which the plaintiff fell had not previously been repaired or prepared for repair at the time of the fall. However, the owner of the building, A. Foster Sanders, III, who was on the premises immediately following the fall, testified that a piece of fiber board being used by the plaintiff in the roof repairs was found alongside the plaintiff while he was lying on the floor. Additionally, Mr. Sanders testified over the objection of plaintiff’s counsel that plaintiff’s nephew told him immediately following the fall that the two roof repairers should have been more careful than to place such a flimsy piece of material over the rafters they were planning to repair. The nephew denies making such a statement to Mr. Sanders.
If Mr. Sanders’ story of the incident is correct, the reasonable inference to be drawn from that testimony is that the plaintiff fell through a piece of weak fiber board which he had placed over the roof. On the other hand, if the testimony of the plaintiff and his nephew is believed, the inference is that the plaintiff fell through a section of the roof which was defective prior to the repairs being made.
Although the trial judge was admittedly equivocal in his findings of fact — going one way after the first trial and another after the second — he was still in a better position to judge the credibility of the witnesses and to make a factual finding on the evidence before him. His ultimate conclusion was that the plaintiff’s injuries were not caused by the defective roof, but rather by the plaintiff stepping on a piece of weak fiber board that he had placed across two rafters. There is certainly evidence in the record to support this finding, and we cannot say that the trial judge was clearly wrong.
The plaintiff argues that the trial judge erred in finding him at fault because the defendant pleaded neither contributory negligence nor assumption of the risk. Our appreciation of the trial court’s decision is that these two defenses never became an issue at the trial. This is so because the plaintiff failed to prove that the defendant was negligent under an Article 2315 theory, and he likewise failed to prove that a defect in the roof caused his injuries under an Article 2322 theory of recovery. In effect, the plaintiff failed to prove his case under either theory of recovery and there was simply no need for the defendant to plead either defense.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s costs.
AFFIRMED.