420 So.2d 1217 (1982)
Huey P. STEWART, Plaintiff & Appellee,
v.
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY, Defendant & Appellant.
No. 82-25.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1982.
*1218 Brittain & Williams, R. Stuart Wright, Natchitoches, for defendant and appellant.
Gahagan & Gahagan, Marvin F. Gahagan, Natchitoches, for plaintiff and appellee.
Before CULPEPPER, GUIDRY and LABORDE, JJ.
CULPEPPER, Judge.
Huey P. Stewart sues his homeowner's insurer, Louisiana Farm Bureau Mutual Insurance Company, for storm damages to the roof of his mobile home. The district judge awarded plaintiff $1,000 for the cost of repairs, but denied penalties and attorney's fees. Defendant appealed. The plaintiff answered the appeal, seeking penalties and attorney's fees.
The issues are: (1) Does the homeowner's policy cover the damaged roof? (2) Is plaintiff entitled to penalties and attorney's fees?

FACTS
The following facts were stipulated by the parties:
On March 21, 1981, the roof of plaintiff's double-wide mobile home was damaged by high winds during the term of the policy. The damaged roof was not the original roof, but was a roof which plaintiff had built on top of the original roof after the homeowner's policy went into effect on September 30, 1980. The plaintiff failed to inform the defendant that an additional roof had been constructed on top of the original roof, nor did he pay an additional premium as a result of the new roof.
Additional facts not included in the stipulation were established at trial. The plaintiff testified that in January, 1981, he found several leaks in the original shingle roof of his mobile home. Rather than pull off the old shingles and replace them with new ones, he decided to insulate the roof at the same time he repaired it. He nailed boards onto the old roof decking, placed six inches of fiber glass insulation on the old roof, then put a new aluminum roof over that. He further testified that both roofs, new and old, were damaged by the March 21 storm.
In denying coverage, the defendant relies on Section 1, Coverage A, of the policy which reads in pertinent part:

*1219 "It is specifically agreed that Coverage AMobile home, does not include awnings, outside radio or television antenna and its tower, shelters, cabanas, porches, completely enclosed additions, carports, or other structures and equipment not included in A, B or C above which were not part of the mobile home when purchased new."
The defendant further relies on Section 1, Coverage B, titled "Adjacent Structures and Equipment." It provides:
"1. Property Covered. This coverage applies to awnings, shelters, cabanas, porches, completely enclosed additions, carports, portable air conditioners and other structures and equipment attached to or being used in connection with the mobile home insured under Coverage A provided that this coverage applies only to those items which are listed and described in the Declarations of this policy in which a specific premium charge has been made."

COVERAGE
In a suit to recover benefits under a policy, the insurer has the burden of proving facts which limit its coverage. Massachusetts Protective Association v. Ferguson, 168 La. 271, 121 So. 863 (1929); Paret v. Louisiana Health Service & Indemnity Company, 366 So.2d 634, writ denied 369 So.2d 139 (La.1979). Construction of the unambiguous terms of a policy is a matter of law rather than fact, and any exclusion from coverage must be made clear and unmistakable. If more than one interpretation of an exclusion is reasonable, the one affording coverage to the insured will be adopted. Paret v. Louisiana Health Service & Indemnity Company, supra.
The law applicable to insurance exclusions was stated by the Louisiana Supreme Court in Benton Casing Service, Inc. v. AVEMCO Insurance Company, 379 So.2d 225 (La.1979):
"[4] Briefly stated, the law is to the effect that the insurer is required to clearly express exclusions to its insuring obligations and that any doubt or ambiguity is to be resolved against the insurer, against forfeiture, and in favor of what reason and probability dictate was intended by the parties with respect to coverage."
The defendant contends that the above quoted exclusionary clause made it clear that anything which was not a part of the mobile home when it was purchased new would not be covered under the policy of insurance. It argues that the intent of the provision is to exclude any and all structures which might be added onto the mobile home after the original purchase.
The trial court found that Section 1, Coverage A of the policy is ambiguous because, while it is clear what is meant by an awning or an outside radio or television antenna and its tower, the language of the policy does not indicate what is encompassed by the phrase "completely enclosed additions, carports, or other structures and equipment * * * which were not part of the mobile home when purchased new." (emphasis added) We agree. The clause is ambiguous and must be interpreted so that the ambiguity is resolved against the insured.
The defendant asserts that the plaintiff's damaged roof is not covered by the policy because instead of repairing the original roof he chose to add insulation to his dwelling and place the new roof on top of the six inches of insulation. We agree with the trial court that the new roof and insulation is not an "other structure and equipment" within the intendment of the exclusionary clause. The repair of the roof in this manner did not result in the acquisition of additional living space or shelter, but simply reinforced a part of the trailer. Nor did the new roof and six inches of fiber glass insulation create a new hazard to the insured, as pointed out by the trial court. Therefore, we affirm the trial court's finding of coverage under the homeowner's policy issued by the defendant.

PENALTIES AND ATTORNEY'S FEES
The plaintiff-appellee contends that the insurer had no rational or reasonable basis for refusing to pay the plaintiff's claim, and *1220 that he is entitled to an award of penalties and attorney's fees against the defendant as authorized by LSA-R.S. 22:658. Plaintiff does not cite, nor have we found, any Louisiana cases construing the clause in question.
As stated by this court in Cameron State Bank v. American Employers' Insurance Company, 401 So.2d 1090 (La.App.3rd Cir. 1981):
"[2] A trial court's conclusion with regard to assessment of penalties and attorney's fees under LSA-R.S. 22:658 is in part a factual determination. It should not be disturbed in the absence of a finding that it is manifestly in error. Carter v. American Mutual Liability Insurance Company, 386 So.2d 1072 (La.App.3rd Cir. 1980) and Cullivan v. Fish Engineering and Construction Company, Inc., 354 So.2d 597 (La.App.3rd Cir.1977)."
Where serious issues are raised with regard to plaintiff's right to recovery, the insurer's refusal to pay is not arbitrary, capricious or without probable cause. See Patin v. State Farm Insurance Company, 395 So.2d 466 (La.App.3rd Cir.1981). Where an insurer's interpretation of its policy is reasonable and not contrary to any existing jurisprudence, the denial of a claim is not arbitrary so as to require the imposition of penalties and the insurer has a right to a judicial determination of the issues. While a court may disagree with the interpretation the insurer places upon its policy, its actions in refusing to pay should not necessarily subject it to the penalty provisions of the statute. See Graham v. Equity National Life Insurance Company, 373 So.2d 988 (La.App.3rd Cir.1979), writ denied 376 So.2d 319, 320 (La.1979).
The trial court found that this defendant's action in refusing to pay the plaintiff's claim was not arbitrary, but was made in good faith, based on an interpretation of its policy provisions which the trial court obviously found was not unreasonable. We find nothing in the record to convince us that this conclusion is clearly wrong. In the absence of manifest error, we affirm the trial court's denial of penalties and attorney's fees.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are to be assessed against the defendant-appellant.
AFFIRMED.