DOUCET, Judge.
Barbara Danner, appellant, instituted this lawsuit against Ms. Olivier seeking the recovery of certain real estate commissions associated with the sale of certain parcels of land once owned by Ms. Olivier. Ms. Olivier subsequently reconvened against Ms. Danner, seeking the value of a small two and one-half acre tract that was enclosed by the alleged mishandling of Ms. Danner. The trial court granted the original plaintiff the recovery of her commission. The trial court also awarded the plaintiff in reconvention $7,500.00 for the loss in the value of her remaining portion of land that is now without access to a public road. Barbara Danner, the defendant in reconvention, perfected this appeal.
In February of 1982, Ms. Danner approached Ms. Olivier with the suggestion that Ms. Danner sell Mrs. Olivier’s property for her. Mrs. Olivier had approximately ten acres and stated that her desired price was $10,000 per acre. Listing agreements were executed between Mrs. Olivier and Ms. Danner. Ms. Danner then sold the west half of the ten acre tract which consisted of approximately five acres. The sale of the remaining portion of the ten acre tract gave rise to the reconventional demand. Apparently, Ms. Danner had two prospective buyers but the arrangement was for the sale of a front half and a back half of the remaining five acres rather than side by side with both purchasers having frontage to the road. As a consequence, the front portion was sold and the back portion of the remaining five acres remained unsold. Ms. Danner was unable to sell the back portion because of the property’s inaccessability to a public road. Ms. Danner made several futile attempts to secure a right of passage but in the end, the property remains unsold and almost worthless.
After a trial on the merits the trial court awarded the plaintiff her recovery of the commission fee on the main demand. With regard to the reconventional demand, the trial court specifically found as an issue of fact that the landowner was not in a posi *105 tion to foresee the enclavement but that it should have been obvious to the realtor. Therefore, the trial court held that the realtor was to be held responsible for the landlocked character of the property and its consequent diminished value. The decreased value of the land was fixed at $7,500.00.
Ms. Danner, the appellant and defendant in reconvention, argues that the trial court erred in holding that Ms. Danner is responsible for the property’s diminished value and that the sum of $7,500.00 was not adduced at trial nor is it supported by the evidence.
In its reasons for judgment, the trial court specifically mentioned that as a factual conclusion, it was satisfied that the landowner was not on notice of the possible enclavement and that the realtor should have been. This factual conclusion should not be disturbed absent a manifest error in this factual conclusion. Arceneaux v. Do-mingue, 365 So.2d 1330 (La.1979). From our review of the record we hold that no such error was made which would justify the disturbance of the trial court’s factual conclusions. The trial court found that Ms. Danner was responsible for the diminished value of Ms. Olivier’s property and on the basis of La.C.C. art. 2315[1], Ms. Olivier is entitled to compensation for her loss caused by Ms. Danner.
The appellant contends that the trial court was in error when it fixed the amount of the loss to be $7,500.00. This argument is without merit. First, it should be noted that a trial court has great discretion in fixing a damage amount. In Brown v. Delegal Const. Corp., 445 So.2d 1251 (La.App. 3rd Cir.1984), this court stated that “It is axiomatic that when there is a legal right to recovery of damages but the amount cannot be exactly estimated, the courts have reasonable discretion to assess damages based upon all the facts and circumstances of the particular case.” Such is the situation in this case. The exact value of the loss could not be calculated but a reasonable approximation was possible. The remaining unsold portion consisted of 2.46 acres. The original price was $10,000 per acre, so it is clear that the award was well below the original asking price and thus not excessive in value. The trial court apparently concluded that the loss of value by Ms. Danner’s action was mitigated by the fact that Mrs. Olivier still owned the land. The $7,500.00 was well within the trial court’s discretion and this amount will not be disturbed on this appeal.
For the foregoing reasons the judgment of the trial court is affirmed. The plaintiff-appellant is to pay the costs.
AFFIRMED.

. The basis of recovery in this case is the standard theory of La.C.C. art. 2315; “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” As Ms. Danner caused the loss to Mrs. Olivier, she is liable for its repair.