DOMENGEAUX, Judge.
This appeal arises out of a tort suit filed by plaintiff-appellant, Gene Nolan, against defendants-appellees, Dr. Charles Attwood, Steven Primeaux, and their liability insurer, United States Fidelity & Guaranty Company. The plaintiff-lessee alleged that he received personal injuries as a result of a defect in the leased premises owned by the appellees-lessors, Atwood and Primeaux. Following a trial on the merits the district court ruled in favor of the defendants and dismissed the plaintiff’s case.
This lawsuit presented the district court and this court with conflicting factual testimony relative to the incidents which caused Mr. Nolan’s injuries.
The plaintiff’s version of the events which lead to his injuries was provided by the testimony of the plaintiff, his wife, and a third party who was also a tenant of the defendants-lessors. In the district judge’s well written reasons for ruling, he summarized the plaintiff’s evidence thusly:
“According to the testimony of plaintiff and his wife, on the night of August 5, 1983, they were residing in the city of Crowley in an apartment on the second floor of a building owned by defendants, Charles Attwood and Steven Primeaux. Around nine o’clock on that evening, plaintiff was called out of his apartment by his downstairs neighbor who complained of noise being made by plaintiff’s dog. Plaintiff states that he then attempted to reach over the wooden railing of the porch outside the entrance to his apartment in order to pull on a chain that was connected on one end to the porch *291 and on the other end to a collar that was around his dog’s neck. In order to accomplish this maneuver, plaintiff was required to place his torso on the railing. By so doing, he thereby caused most of his body weight to come to rest on the railing. As a result, the railing gave way and plaintiff fell to the ground, an estimated distance of between ten and twenty feet. Plaintiff alleges that this fall resulted in an injury to his back. Plaintiff and his wife admitted that on the day of the accident plaintiff had, during the course of the day, consumed at least four cans of beer.”
The defendant offered a different version of the facts surrounding the accident. The defendant offered as witnesses, Mr. Daniel McCuller, a neighbor of plaintiff’s at the time of the accident, and Suzanne Davis, a tenant of the defendant’s. The district judge’s synopsis of Mr. McCuller’s testimony is as follows:
“Mr. Daniel McCuller ... testified that on the day in question, shortly before the accident, he heard loud voices engaged in what sounded to him to be an argument coming from the apartment occupied by plaintiff and his wife. Mr. McCuller testified that this caused his attention to be drawn to plaintiff’s apartment and that from a distance of approximately sixty feet he observed plaintiff exit his apartment and go out onto the porch. Mr. McCuller further testified that he then saw plaintiff kick the railing that was on the front of the porch and he then observed the loose railing fall to the ground. Mr. McCuller stated that later in the evening he witnessed the arrival and departure of the ambulance that transported plaintiff to the hospital after his fall.”
Ms. Suzanne Davis testified that although she was not an eye witness to the accident she arrived at the apartment building shortly before the plaintiff was taken to the hospital. Ms. Davis testified that moments before the plaintiff’s wife joined him in the ambulance for the trip to the hospital she spoke with Ms. Davis. Ms. Davis’ comment about her conversation with plaintiff’s wife was:
“A. Well, she [plaintiffs wife] was more than moderately upset with him at the time. She explained to me just before she got into the ambulance that he [plaintiff] had had several to drink — that he had had a few, and that he had become angry and was beginning to storm out of the door and tripped at the doorway and he went falling over the banister.”
The plaintiff filed this lawsuit alleging first that there was a defect in the premises and that under Article 2695[1] of the Louisiana Civil Code his lessors were strictly liable to him for his damages which were caused by the defect, and second, that the accident was caused by the negligence of the defendants in failing to properly maintain the porch and railing in question.
After a trial the district judge concluded that the defendant’s witness, Mr. McCuller, testified “honestly and accurately as to what he saw on the day of the accident.” The judge therefore concluded to resolve the factual conflict in favor of the defendants. Having so ruled, the district judge found that the defect in the premises had been caused by the fault of the plaintiff-lessee and thus the defendants were not strictly liable for the plaintiff’s injuries. The district judge also ruled that in view of the fact that the defect was caused by the plaintiff’s actions, the plaintiff failed to prove that the defendants’ alleged negligent conduct was a cause in fact of the plaintiff’s injuries. The district judge therefore dismissed the plaintiff’s case.
*292 The plaintiff-appellant s initial argument on appeal concerns the district court’s admission of certain evidence introduced by appellee bearing upon the plaintiff’s acts prior to the accident when the defendants-appellees filed only a general denial answer with no affirmative defenses.
During the course of the trial, the defendants’ attorney elicited testimony from the defendants’ witness, Mr. McCuller, concerning the plaintiff's intentional and deliberate act of kicking down the porch railing. The plaintiff’s attorney timely objected and argued that to allow in such evidence would amount to a broadening of the pleadings as the defendants had not filed any affirmative defenses in the lawsuit. The district judge overruled the plaintiff’s objection and allowed the evidence to become part of the record.
The crux of the defendants’ argument is that the district court erred for finding the plaintiff at fault when the defendants did not plead an affirmative defense. We disagree and find the reasoning in Gryder v. Caruso, 388 So.2d 90 (La.App. 1st Cir.1980), writ denied, 394 So.2d 606 (La.1980) applicable here.
We find that no affirmative defense was at issue in this trial. The jurisprudence defines an affirmative defense as any response by the defendant which raises new matter which “assuming the allegations of the petition to be true, constitutes a defense to the action which will have the effect of defeating the plaintiff’s suit on the merits.” Langhans v. Hale, 345 So.2d 1226 (La.App. 1st Cir.1977), Modicut v. Bremer, 398 So.2d 570 (La.App. 1st Cir.1980), and Rourke v. Cloud, 398 So.2d 57 (La.App. 3rd Cir.1981).
Here, the plaintiff’s version of the events which gave rise to his injuries was refuted by the defendant’s evidence. The defendants put on evidence seeking to disprove the factual allegations which plaintiff asserted in his petition and at trial. The plaintiff simply did not prove to the district court the necessary elements required for strict liability recovery under La.C.C.Art. 2695 or that the defendants were negligent under La.C.C. Art. 2315 and 2316. The defendants’ evidence was not presented as evidence of an affirmative defense but was elicited so as to bear upon the credibility of plaintiffs evidence.
As in Gryder, supra, “the plaintiff failed to prove his case under either theory of recovery and there was simply no need for the defendant to plead ... [any] defense.”
The appellant’s additional assignments of error deal with the district court’s factual determinations. Conclusions of fact by the trial court in a tort case, especially those where credibility of witnesses is involved, are entitled to great weight and are not to be reversed unless manifestly in error. Canter v. Koehring, 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and Montgomery v. Breaux, 338 So.2d 314 (La.App. 3rd Cir.1976), writ denied, 341 So.2d 410 (La.1977). Here the trial judge carefully analyzed the testimony, gave justification for his factual conclusions, and in a well reasoned opinion rejected plaintiff’s claim. A review of the record reveals no manifest error.
For the above and foregoing reasons the decision of the district court is hereby affirmed. All costs of this appeal to be assessed against plaintiff-appellant.
AFFIRMED.

. Louisiana Civil Code Article 2695 provides:
"The lessor guarantees the lessee against all the vices and defects of the thing, which may prevent its being used even in case it should appear he knew nothing of the existence of such vices and defects, at the time the lease was made, and even if they have arisen since, provided they do not arise from the fault of the lessee; and if any loss should result to the lessee from the vices and defects, the lessor shall be found to indemnify him for the same.”