520 So.2d 960 (1987)
Alban KOLDER and Mary Lee Kolder, Plaintiffs-Appellees,
v.
STATE FARM INSURANCE COMPANY, et al., Defendants-Appellants.
No. 86-972.
Court of Appeal of Louisiana, Third Circuit.
November 4, 1987.
*961 Felix A. DeJean III, Opelousas, for plaintiffs-appellees.
Brinkhaus, Dauzat, Jerry Falgoust, Opelousas, Roy, Forrest & Lopresto, Jackson Bolinger, Alex A. Lopresto III, Lafayette, for defendants-appellants.
Before DOMENGEAUX, DOUCET and LABORDE, JJ.
DOMENGEAUX, Judge.
This is a suit for tort damages which were the result of a fire set by defendants Blaine Joubert, and his father, John Joubert, which caused damage to the property of their adjoining neighbor, the plaintiffs, Mr. and Mrs. Alban Kolder. After a bench trial, the trial judge awarded plaintiffs $2,500.00 for damages caused to six trees and $5,000.00 for mental anguish suffered by Mrs. Kolder. Defendants John Joubert, Blaine Joubert and Blaine Joubert's insurer, State Farm Fire & Casualty Co. have appealed this award.

*962 FACTS
On May 17, 1985, on property owned by defendant, John Joubert, Mr. Joubert and his son, defendant Blaine Joubert, burned a field containing wheat stubble in order to prepare the field for soybean planting. Plaintiffs, Mr. and Mrs. Alban Kolder, owned property immediately next to the field. A row of five (5) pine trees and one (1) oak tree bordered along the Kolder side of the property line. The Kolder's house was also located ten (10) feet from this same property line. Before setting the fire, Blaine plowed a thirty-five foot wide strip of land along the Joubert side of the property line in order to prevent the fire from spreading up to the fence line. After the fire was ignited, the wind shifted towards the direction of the Kolder property. The flames from the fire reached from ten to fifteen feet in height and the wind pushed the heat and smoke over onto the Kolder's property. Despite the thirty-five foot buffer-zone, the tops of the Kolder's six trees along the property line were singed and black soot was deposited on the house.
Prior to the igniting, Mrs. Kolder had been cutting her grass and had been observing the actions of the two defendants. After she saw the direction and intensity of the flames, she became very alarmed that the fire would spread to her property and to her house. She rushed into her house and removed her four year old daughter. She then returned into the house to get her car keys in order to move her truck away from the flames. She testified that the bricks of her house were too hot to even touch and she was convinced that her house was going to go up in flames. After moving her truck, she and two neighbors then stood in front of her house and watched the smoke eventually subside.
The Kolders sued John and Blaine Joubert and Blaine Joubert's insurer, State Farm, for property damage and for mental anguish suffered by Mrs. Kolder in observing the fire. The Court awarded the Kolders $2,500.00 for the damage to the trees and $5,000.00 for the mental anguish Mrs. Kolder underwent over the safety of her home, her vehicle and her child. All defendants have appealed this judgment.

DAMAGE TO THE TREES
Defendants contend that the plaintiffs failed to prove by a preponderance of the evidence that the trees were damaged. Alternatively, they contend that even if the plaintiffs succeeded in their burden of proof, the award of $2,500.00 was an abuse of discretion.
From the outset, it should be noted that the determination of actual damages is a question of fact. The trial court's factual findings will not be disturbed on appeal unless they are manifestly erroneous and have no reasonable factual basis. Perniciaro v. Brinch, 384 So.2d 392 (La.1980); Nolan v. Attwood, 484 So.2d 289 (La.App. 3rd Cir.1986).
At the trial, the plaintiffs introduced photographs taken approximately one month before the trial showing that tree damage still existed. Based on these photographs, the trial judge determined that the trees did, in fact, sustain long term damage, despite the defendant's photographs that showed healthy trees as early as one month after the fire. As the plaintiffs' photographs support the trial judge's factual determination that damage existed, there appears no manifest error and, therefore, this ruling is affirmed.
Additionally, the trial judge does not appear to have abused his discretion in determining the damage award of $2,500.00 for sustained tree damage. The plaintiffs presented two witnesses who testified as to the amount of damage. A landscape contractor estimated that replacement costs for the six trees are $2,500.00. A realtor testified that the trees' unsightliness depreciated the value of the property by $2,500.00.
A measure of damages is the cost of restoring the property to its former condition. Coleman v. Victor, 326 So.2d 344 (La.1976). The trial court has great discretion in fixing damage amounts. Danner v. Olivier, 467 So.2d 103 (La.App. 3rd Cir. 1985). Since the award amount is supported *963 by the record, there appears to be no abuse of discretion and it is affirmed.

MENTAL ANGUISH
The defendants argue the trial court erred in awarding $5,000.00 for mental anguish sufferd by Mrs. Kolder. In his reasons for judgment, the trial court awarded damages to Mrs. Kolder for the mental anguish she underwent in observing the fire almost consume her house, her vehicle and her child in the house.
At the trial, Mrs. Kolder testified that she became frantic as she observed the fire, smoke and heat approach her house. Mrs. Kolder testified that it appeared to her that the fire burned all the way up to the property line, although this is apparently incorrect since the white wooden fence bordering the property showed no soot or other damage. As stated earlier, the Kolder house was ten feet from the property line and her four year old daughter was in a room on the side of the house near the fire. Her truck was also close to the property line. Convinced her house and vehicle were going to burn, she testified that, when the ordeal was over, she broke down and cried. The only actual damage the property sustained was the tree singing discussed previously, and the soot deposited on the bricks and screen, which the Kolders washed off two weeks after the fire.
Jurisprudence has allowed four instances in which one may recover damages for mental anguish as a result of property damage. These are: (1) when property has been damaged by an intentional or illegal act; (2) where property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuous nuisance; (4) when property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result. Dugas v. St. Martin Parish Police Jury, 351 So.2d 271 (La.App. 3rd Cir.1977); writ denied, 353 So.2d 1046 (La.1978); Royal Construction Co., Inc. v. Sias, 496 So.2d 1301 (La.App. 3rd Cir.1986). The fourth situation is applicable here.
The trial judge based the mental anguish damage amount on Mrs. Kolder's trauma over three specific items: her truck, her child, and her home. The truck suffered no damage. Since property damage is required in order to be entitled to mental anguish damages, it appears that the trial judge erred in basing his award on the truck as it was not damaged. Additionally, under Louisiana law, a person may not recover damages for mental pain and anguish suffered by her merely as a result of physical injuries sustained by another person.[1]Courmier v. Travelers Insurance *964 Company, 486 So.2d 243 (La.App. 3rd Cir. 1986); writ denied, 489 So.2d 250 (La. 1986); McFarland v. Cathy, 349 So.2d 486 (La.App. 3rd Cir.1977). Therefore, the trial judge erred in granting mental anguish damages for Mrs. Kolder's fear over her child being injured. The remaining item the judge based the mental anguish damage award on was Mrs. Kolder's fear over her house being damaged. The house damage consisted of soot on the bricks and the windows. Since mental anguish damages are properly awarded for the mental trauma a property owner endures while witnessing damage to her property, and since this property was damaged by the soot, the trial judge correctly based part of the mental anguish award on this item.[2]
However, since two of the three items that the mental anguish amount was based on were inappropriate for mental anguish damages, this Court will reduce by two-thirds the mental anguish award. Therefore, Mrs. Kolder is entitled to $1,500.00 for the mental anguish she underwent over the damage to her house.
Accordingly, the portion of the judgment which awarded Mrs. Kolder the sum of $5,000.00 for mental anguish is reduced to the sum of $1,500.00. The judgment is otherwise affirmed.
The costs of this appeal are to be divided equally between the appellees and appellants.
AFFIRMED, AS AMENDED.
NOTES
[1] The established rule in Louisiana is that, except in death cases, one may not recover damages for mental pain and anguish suffered by him as a result of physical injury or peril suffered by a third person. Black v. Carrollton Railroad Company, 10 La.Ann. 33 (1855); Sperier v. Ott, 116 La. 1087, 41 So. 323 (1906); Brinkman v. St. Landry Cotton Oil Company, 118 La. 835, 43 So. 458 (1907); McKey v. Dow Chemical Co, Inc., 295 So.2d 516 (La.App. 1st Cir.1974); McFarland v. Cathy, supra; Bourque v. American Mutual Liability Ins. Co., 345 So.2d 237 (La.App. 3rd Cir.1977); Lloyd v. State, 395 So.2d 1385 (La.App. 1st Cir.1981). The rationale behind prohibiting such an award has been to prevent potentially innumerable claimants from pursuing such an award when they have suffered no physical injury and to whom the tortfeasor owed no legal duty. McKey, supra; McFarland, supra.

In Valence v. Louisiana Power & Light Company, 50 So.2d 847 (La.App.Orl.1951), a husband was awarded $250.00 for his mental suffering over whether his unborn child suffered injury when the child's mother was injured. In McFarland, supra, this Court specifically refused to follow Valence and denied damages for the plaintiffs' mental anguish over injuries sustained by their father.
Although in the case sub judice we again apply the established jurisprudence, it is the author's opinion that damages should be awarded for the mental anguish one experiences over a third party's injury or peril. It is unfair and illogical that damages are recoverable for mental anguish over damage to one's property but damages are denied for what can be even more severe mental anguish over injury or peril to a loved one. La.C.C. arts. 2315 f.f. provide no barrier to such an award. See 12 F. Stone, Louisiana Civil Law Treatise, § 177 (1977). As discussed by Professor Stone, the determination of eligibility of such an award should be based on whether the claimant has proven, by a preponderance of the evidence, that the relationship between the victim and the one suffering the shock is of such a rapport as to make the shock and trauma understandable. Since our Supreme Court has not addressed this issue for over eighty years, now may be an opportune time for the High Court to re-evaluate the logic of this jurisprudential rule as well as its inequities.
[2] The trial judge's ruling that Mrs. Kolder experienced trauma over the fire was a factual determination that will not be disturbed on appeal, as it does not appear to be manifest error. However, it should be noted that mental trauma should be, and generally is, proven by more substantial evidence than just the victim's potentially self-serving testimony, as was the sole evidence of trauma presented in this case. See Landry v. Travelers Ins. Co., 488 So.2d 379 (La. App. 3rd Cir.1986); writ denied, 491 So.2d 23 (La.1986); Thompson v. Simmons, 499 So.2d 517 (La.App. 2nd Cir.1986), writ denied, 501 So.2d 772 (La.1987).