693 So.2d 1190 (1997)
John R. TUBRE and Phyllis Tubre, Plaintiffs-Appellees,
v.
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT et al., Defendants-Appellants.
No. 96-1194.
Court of Appeal of Louisiana, Third Circuit.
April 2, 1997.
Rehearing Denied June 18, 1997.
*1191 Dan B. McKay, Jr., for John R. Tubre and Phyllis Tubre.
Barry Gerard Toups, Baton Rouge, for State of La., DOTD.
Before DOUCET, C.J., and WOODARD and GREMILLION, JJ.
GREMILLION, Judge.
This is an appeal by the State of Louisiana through the Department of Transportation and Development (DOTD) from the trial court's judgment finding it liable for the damages to John R. Tubre arising from a single vehicle accident. For the following reasons we affirm in part, reverse in part, and render.

*1192 FACTS
On May 31, 1992, at approximately 9:30 p.m., Tubre was involved in a single vehicle accident on I-49 in Avoyelles Parish. He was returning from a golf tournament in Alexandria when he suddenly encountered a deer running across his path of travel requiring him to swerve. As a result of this maneuver, Tubre ran off the road and into the median. As he attempted to get back on the paved surface of the roadway, his car flipped. As a result of this accident Tubre's car was totaled and his shoulder was injured.
On May 28, 1993, Tubre filed suit against DOTD for the damages he suffered as a result of this accident. In this suit, he claimed that the accident was caused by the defective condition of the roadway and the shoulder and that DOTD had actual or constructive knowledge of this defect and failed to adequately warn motorist of this condition. Tubre's wife, Phyllis Marchive Tubre, also joined in this suit as plaintiff seeking damages for loss of consortium; however, her claim was dismissed for lack of evidence and is not before us on appeal.
A bench trial was held on June 19, 1996, and a judgment was rendered on July 1, 1996, finding DOTD 100% at fault. In its reasons for judgment, the trial court noted that it is "interesting" that the area where the accident occurred was part of a hunting club that has a high deer population, yet DOTD did not warn motorists. The trial court also found that the plowed portion of the roadway adjacent to the paved shoulder created an unreasonably dangerous condition and that DOTD failed to warn motorists of this condition.

ASSIGNMENTS OF ERROR
DOTD alleges the trial court committed the following errors:
I. The trial court erred in finding that the Department of Transportation and Development breached its duty to maintain the State's highways in a reasonably safe condition.
II. The trial court erred in finding DOTD negligent in failing to warn of an allegedly defective condition.
III. The trial court erred in finding DOTD had knowledge of a high deer population and that they were required to warn against such a condition.
IV. The trial court abused its discretion in awarding $6,000.00 in property damage for the loss of the plaintiff's automobile.
V. The trial court abused its discretion in awarding the plaintiff $25,000.00 for general damages including pain, suffering and disability.
VI. The trial court erred in finding no liability on the part of the plaintiff.

STANDARD OF REVIEW
A court of appeal may not set aside a trial court's or a jury's finding of fact in absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La. 1989); Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). The appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one, after reviewing the record in its entirety. Mart v. Hill, 505 So.2d 1120 (La.1987); Rosell, 549 So.2d 840; Stobart, 617 So.2d 880. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978). The trier of fact may choose to reject all of the testimony of any witness or may believe and accept any part or parts of a witness' testimony and refuse to accept any other part or parts thereof. LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3 Cir. 1990).

ASSIGNMENT OF ERROR NUMBER ONE
The trial court found that the particular area where the accident occurred was part of a hunting club with a high deer population and the State knew or should have known of this dangerous situation and warned motorists of the this danger. However, the only evidence of this alleged dangerous *1193 condition is Tubre's testimony that he is a member of the hunting club and that a large number of doe tags were issued for that year. This evidence, standing alone, hardly imputes actual or constructive knowledge to the State concerning a dangerously high deer population. Therefore, we reverse the trial court's ruling on this issue, and find that DOTD had no duty to warn motorists of a high deer population.

ASSIGNMENTS OF ERROR TWO AND THREE
In assignments two and three, DOTD claims that the trial court erred in finding that it had breached its duty to maintain the highway in a reasonably safe condition and failed to warn motorists of this defective condition.
The State, through the DOTD, is not a guarantor of the safety of travelers. Rather, the duty the DOTD owes is to keep the highways and its shoulders reasonably safe. The DOTD is held liable when it breaches this duty, where the roadway at the scene of the accident was in an unreasonably dangerous condition.
Liability based on the theory of negligence is imposed on the DOTD when it is actually or constructively aware of a hazardous condition and fails to take corrective action within a reasonable time. Liability based on the theory of strict liability is tempered by the requirements of LSA-R.S. 9:2800 which, as a prerequisite, demands proof that "the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so." Under both theories, the duty owed is the same. Liability hinges on whether the DOTD has breached the duty it owes to the plaintiff to keep the roadway at the scene of the accident in a reasonably safe condition. Whether the DOTD breached this duty depends upon the particular facts and circumstances of each case.
Ryland v. Liberty Lloyds Ins. Co., 93-1712, p. 16-17 (La.1/14/94); 630 So.2d 1289, 1300-1301 (citations and footnotes omitted).
Tubre offered as evidence of this alleged dangerous condition his testimony, along with that of Nelson Lee and Steven Lemoine. Tubre testified that on the night of the accident, he was driving south on I-49 when he encountered a deer entering the roadway from his right. He stated that he could not hit the brakes and steered left to avoid hitting the deer. As a result of this maneuver, his front left wheel left the pavement, and he entered an area he described as rough. He estimated that he was traveling at 65 m.p.h. when he left the paved roadway, and when he attempted to re-enter the paved portion, his car flipped two and one-half times and slid across the road on its roof. While driving in the median, he did not attempt to slow down. He also stated that the only signs he saw warning of the construction area were approximately two-plus miles from the scene of the accident.
Lee testified that he went to the accident scene with Tubre and Lemoine on June 1, 1992, the day following the accident. As they traveled the same route taken by Tubre, Lee stated that he was consciously looking for signs warning motorists to reduce their speed, watch for irregular road shoulders, and warning of a high deer population. He testified that he took photos of the scene in an attempt to show a drop off of approximately six to eight inches, plowed dirt, and the absence of any warning signs.
Lemoine testified that he was present when the photos were taken at the scene of the accident. He stated that the dirt in the plowed portion of the median was soft and powdery, and that one would sink about six inches in the dirt. He also testified that there was a drop-off of about six inches from the paved shoulder to the median and that there were no signs warning motorists of potential hazards.
In an effort to refute Tubre's evidence, DOTD elicited testimony from Warren Bordelon, Rhett Deselle, and Francis Wyble. Bordelon testified that at the time of the accident, he was working for DOTD as an Engineering Supervisor Technician. He testified that he was in charge of the construction project where the accident occurred.
*1194 He stated it is the practice of DOTD to keep a journal of the signs posted and one of the members of his crew would make a daily check of the signs; if a sign was missing or out of place, it would be noted in that journal. He further testified that, according to this journal, the proper warning signs were in place on the night of the accident and there was no record of any of the signs being down or misplaced.
Deselle, an assistant resident construction engineer with DOTD at the time of the accident, corroborated much of Bordelon's testimony. He testified as to what specific signs were in place on the night of the accident according to the journal. He also testified that it is common procedure in an overlay project to disk the area adjacent to the paved shoulder and described the disking as light.
Wyble testified for DOTD as an expert in the fields of accident reconstruction, traffic engineering, and geometric design. He opined that the sole cause of the accident was driver error: Tubre's attempt to reenter the road way at high speed, approximately 55 m.p.h., and over-steering. He also testified that based on the photographs of the accident scene, there appeared to be no appreciable drop off from the paved shoulder to the median.
Obviously, the trial court was confronted with two views of the accident and found Tubre's evidence more credible than DOTD's. We cannot say, given the vast discretion afforded the factual findings of the trial court, that this determination is manifestly erroneous or clearly wrong. As such, we find no merit in these assignments of error.

ASSIGNMENTS OF ERROR FOUR AND FIVE
By these assignments of error, DOTD asserts that the trial court abused its discretion by awarding Tubre $6,000.00 for property damage for the loss of his car, and $25,000.00 for general damages, including pain, suffering, and disability.
"A measure of damages is the cost of restoring the property to its former condition. The trial court has great discretion in fixing damage amounts." Kolder v. State Farm Ins. Co., 520 So.2d 960, 962 (La.App. 3 Cir.1987) (citations omitted). Tubre testified that he bought the Ford Escort six-months prior to the accident and paid $6,000.00. This testimony went uncontested by DOTD. As such, we find that the trial court was correct in assessing such value for the car.
[T]he discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award.
Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The testimony elicited at trial revealed, that as a result of the accident, Tubre suffered an injury to his shoulder which caused him substantial pain and still causes discomfort. Tubre was a very good and ambitious golfer and because of the accident had to substantially curtail playing golf. He could no longer give golf instructions, which resulted in a loss of income, and was prohibited from further attempts to attain certification from the Professional Golf Association. After a review of the record, we cannot say that the trial court was clearly wrong in awarding general damages of $25,000.00. We, likewise, find these assignments of error without merit.

ASSIGNMENT OF ERROR NUMBER SIX
By this assignment of error, DOTD asserts that the trial court erred in finding Tubre free from fault in this accident. Because the apportionment of fault is a finding of fact, the appellate court should not disturb the trial court's finding unless it is manifestly erroneous. Brown v. Beauregard Elec.. Co-op., Inc., 94-512 (La.App. 3 Cir. 12/14/94); 647 So.2d 668.

*1195 In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. And, of course, as evidenced by concepts such as last clear chance, the relationship between the fault/negligent conduct and the harm to the plaintiff are considerations in determining the relative fault of the parties.
Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 974 (La.1985). After reviewing the record in the case sub judice, we find that the trial court committed manifest error in finding Tubre free from fault.
When reviewing Tubre's and Wyble's testimony, it is clear that Tubre bears some responsibility in the cause of this accident. Tubre testified that when he left the roadway in an attempt to avoid hitting the deer, he did not apply his brakes or attempt to slow down while in the median or upon attempting to reenter the paved roadway. Wyble, DOTD's expert witness, testified that the rate of speed Tubre was traveling was a significant factor in the accident. We agree. Clearly, a prudent person would have attempted to slow down upon leaving and re-entering the road. As such, we find that Tubre's actions contributed to the accident and his resulting damages, and apportion his degree of fault at 50% as the lowest amount of fault a reasonable factfinder could have awarded under the circumstances. Clement v. Frey, 95-1119 (La.1/16/96); 666 So.2d 607.

CONCLUSION
The judgment of the trial court, insofar as it finds the State of Louisiana, Department of Transportation and Development liable for failing to warn motorists of a high deer population and plaintiff, John Tubre, free from fault, is reversed and set aside. It is ordered, adjudged, and decreed that Judgement be rendered finding Tubre 40% at fault in causing the accident. In all other aspects, the judgment of the trial court is affirmed. Costs of this matter are assessed 40% to the plaintiff-appellee, Tubre, and 60% or $449.30, to the defendant-appellant, Department of Transportation and Development.
AFFIRMED IN PART; REVERSED IN PART; AND RENDERED.