721 So.2d 550 (1998)
Emery BEGNAUD & Sarah Begnaud, et al., PlaintiffsAppellees,
v.
CAMEL CONTRACTORS, INC., et al., Defendants,
East Musique Excavation, Inc., Paul Taylor, DefendantsAppellants.
No. 98-207.
Court of Appeal of Louisiana, Third Circuit.
October 28, 1998.
*552 Charles K. Hutchens, Lafayette, for Emery Begnaud, et al.
Joseph A. Schittone, Jr., Baton Rouge, for Camel Contractors, Inc., et al.
J. Floyd Johnson, David Charles LaBorde, P.J. LaBorde, Jr., Jeanne M. LaBorde, Lafayette, for East Musique Excavation and Paul Taylor.
Kenneth A. Back, Lafayette, for Superior Dirt Services, Inc., et al.
Joseph Hart Garbarino, for Domingue's Sand & Gravel, Inc.
Alan K. Breaud, Andrew Holleman Meyers, Tracy P. Curtis, Lafayette, for Mouton Plumbing & Hauling, Inc.
Bradley J. Haight, Lafayette, for LaLande, Inc.
Before WOODARD, PETERS and GREMILLION, JJ.
WOODARD, Judge.
Plaintiffs filed suit, seeking damages for diminution of their property values, as well as emotional damages for excessive noise, fumes, dirt, etc., caused by defendants' business activities near their non-zoned residential area. The plaintiffs are Emery and Sarah Begnaud, Albert and Kathleen Latiolais, Victor and Laurie Credeur, Allan and Mary Alice Guilbeaux, Richard and Phyllis David, Glenn and Carmen Speer, Jeff and Monica Ryan, Juanita and John Dudley Menard, Jr., and Farrel and Michelle Mitchell. The defendants are East Musique Excavation, Inc. (East Musique), Superior Dirt Services, Inc. (Superior), Francis Camel Construction, Inc., Domingue's Sand & Gravel, Inc., Mouton Plumbing & Hauling, Inc., Camel Contractors, Inc., and LaLande, Inc. Mr. Paul Taylor (Taylor), the owner of East Musique, although unnamed in the principal demand, reconvened for damages for loss of income and mental distress. Judgment was rendered for the plaintiffs against East Musique and against Superior. The Reconventional Demand of Taylor and East Musique were denied. East Musique and Taylor appeal. We affirm in part and reverse in part.

FACTS
East Musique and Superior are dirt excavation pits located in north Lafayette Parish, containing high-grade topsoil and gravel. The composite of the soil in this area can only be found in two percent of the parish. It is in high demand for construction projects. Although the pits have been in operation for two decades, they have experienced long periods of inactivity. When the pits began operating, there was very little residential housing in the area. Over time, that has changed and currently there are at least three subdivisions located near them. The area contains mobile homes valued between $12,000.00 and $18,000.00 and homes valued as much as $175,000.00. The area includes a horse ranch, pet grooming operation, lawn mower repair shop, and some substandard housing. Most of the plaintiffs claim they were unaware of the existence of the pits when they bought their homes. The defendants claim that because they are located in a non-zoned area, they are entitled to make any legal use of their property with no restrictions.
On September 1, 1994, the plaintiffs filed suit against the corporations owning the dirt excavation pits next to their homes. The suit was later amended, naming several trucking companies as defendants. The plaintiffs alleged that the dirt excavation activities of the property owners and the trucking companies were a nuisance and lowered the value of their homes and caused emotional damages because of excessive dust, fumes, mud, and noise repeatedly over a three-year period. In addition to problems created at the dirt pits, the plaintiffs alleged that the trucking companies were speeding through their neighborhood, occasionally using offensive hand-signals and "cat-calling." On October 8, 1996, the plaintiffs sought an injunction against the defendant property owners, East Musique, owned by Taylor, and Superior to *553 enjoin defendants, their employees, contractors, agents, and/or assigns, from loading trucks that exceeded the weight limit of La Musique Road upon arrival for loading and to require them to refuse service to trucks that would exceed the weight limit after loading.
On June 23, 1997, East Musique and its owner, Taylor, as an individual, filed Reconventional Demands. In relation to the corporation, it alleged loss of income, past, present and future, and property damage, and Taylor alleged abuse of process, emotional distress, anxiety, and mental distress.
To support their nuisance claim, the plaintiffs maintained a log of the trucks that entered and exited the dirt pits. The log contained information such as the truck owner, the size of the truck, the time and date of the trip, etc. It was admitted into evidence. The log showed that on one particular day, 132 trips were made to the dirt pits. The testimony of the plaintiffs established that the trips were usually made during normal business hours, but trips during early morning and the weekend were not uncommon. Several plaintiffs testified that they had been run off the road by the trucks as they were leaving the dirt pits. Additionally, one of the plaintiffs claimed that a truck destroyed his mailbox. Plaintiffs also testified that many of the drivers yelled at them or used offensive hand signals as they drove through the neighborhood.
In support of his reconventional claim, Taylor testified that he suffered a loss of income because area contractors did not want to deal with him due to the litigation and fears that the plaintiffs would photograph or videotape their drivers entering and exiting the dirt pit. Taylor testified that he had trouble sleeping and had suffered financial problems since the lawsuit began.
This matter was tried on July 22-26, 1997. The trial court found that East Musique and Superior were nuisances under La.Civ.Code arts. 667-669 but that the "dirt hauling" defendants were not neighboring landowners, therefore, they were not subject to the nuisance articles. Moreover, the trial court ruled that the plaintiffs had not proved any negligence by the trucking companies. The trial court denied all Reconventional Demand, finding damages were not proven. It ordered Superior and East Musique to pay the following damages:

Damages for Diminution in property.
 To be paid by Superior:
 1. Speer $ 7,500.00
 2. Mitchell $ 4,000.00
 3. Menard $ 3,000.00
 4. Ryan $ 6,250.00
 To be paid by East Musique:
 1. David $ 1,500.00
 2. Latiolais $ 3,500.00
 To be paid equally by Superior and
 East Musique:
 1. Guilbeaux $ 7,750.00
 2. Begnaud $11,000.00
 3. Credeur $ 3,000.00

Additionally, each plaintiff was awarded $2,000.00 in mental anguish damages which was to be paid equally by Superior and East Musique.
The trial court denied the injunction, reasoning that East Musique and Superior had no control over the trucking companies and the court could not force the excavation companies to regulate the weight of its customers' trucks. Costs were to be paid by Superior and East Musique and included expert witness fees in the amounts as follows: Gene Cope $500.00, Sam Vidrine $250.00, Richard Duchamp $500.00. From this judgment, East Musique and its owner, Taylor, appeal.

ASSIGNMENTS OF ERROR
East Musique and Taylor allege that the trial court erred in:
1. Finding the plaintiffs had proven real damages.
2. Holding East Musique liable for mental anguish and distress of plaintiffs Menard, Mitchell, Ryan, and Speer.
3. Failing to allocate fault to all parties and nonparties, known or unknown, causing or contributing to the losses sustained by plaintiffs.
4. Failing to award damages to Paul Taylor and East Musique for loss of income, past, present, and future; abuse of process and mental anguish and anxiety even after Judgment was rendered *554 in favor of Paul Taylor and East Musique.

LAW

DAMAGES
Appellants contend that the trial court erred in finding that the plaintiffs had proven real damages of diminution of their property values. The trial court's factual findings regarding nuisance of the defendant dirt pit owners' operations and the plaintiffs' damages of diminution of their property values arising out of the operations of the defendants' dirt pits in the vicinity of their homes are subject to the manifest error/clearly wrong standard for appellate review. In Trahan v. Savage Industries, Inc., 96-1239 (La.App. 3 Cir. 3/5/97); 692 So.2d 490, 494, writs denied, 97-1636 (La.10/3/97); 701 So.2d 207, 97-1652 (La.10/3/97); 701 So.2d 209, we said: "The appellate jurisdiction of a court of appeal extends to issues of both law and fact. La. Const. art. V, § 10."
As this appeal involves evaluations of factual determinations by the trial court, we must be particularly mindful of the legal standards of the supreme court in considering this record. In Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989), the supreme court stated, in part:
It is well settled that a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong," and where there is a conflict in the testimony, reasonable evaluations of credibility of and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable.... Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong....
When findings are based on determinations regarding the credibility of witnesses, the manifest errorclearly wrong standard demands great deference to the trier of fact's findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Where documents or objective evidence so contradict the witness's story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. But where such factors are not present, and a factfinder's finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
(Citations omitted).
The trial court held that "2) [t]he East Musique and Superior dirt pit operations are nuisances which substantially interfere with plaintiffs' enjoyment of their property by reason of the dust, noise, and traffic associated with the operation."
Whether an owner of property is liable to his neighbors under the Civil Code Articles of vicinage, La.Civ.Code arts. 667-669, is a determination to be made by the trier of fact based upon the reasonableness of the conduct in light of the circumstances, and such an analysis requires consideration of factors such as the character of the neighborhood, the degree of intrusion privacy and the effect of the activity on the health and safety of the neighbors. Barrett v. T.L. James & Co., (La.App. 2 Cir. 4/3/96); 671 So.2d 1186, writ denied, 96-1124 (La.6/7/96); 674 So.2d 973. The determination of the existence of a nuisance is a question of fact. Schulker v. Roberson, 91-1228 (La.App. 3 Cir. 6/5/96); 676 So.2d 684; Acadian Heritage Realty, Inc. v. City of Lafayette, 434 So.2d 182 (La.App. 3 Cir.), writs denied, 440 So.2d 733 (La.1983).
After a complete review of the record and the evidence, we do not find that the trial court's finding that the activities of the defendant dirt pit owners were a nuisance to the plaintiffs to be manifestly erroneous and clearly wrong. The activities arising out of the dirt pit operations were more than an "inconvenience" to the plaintiffs. See La.Civ. Code art. 668. The trial record contains *555 much testimony of the plaintiffs concerning the defendant dirt pit operations' impairment of the plaintiffs' enjoyment of their property, including, but not limited to, noise, dust, and other ancillary damages.
In determining the diminution of the plaintiffs' property values because of the defendants' activities, the trial court had to choose between the opinions of the plaintiffs' highly-experienced real estate appraisal expert and the defendants' real estate appraisal expert, who was testifying for his first time as an expert witness.
Gene Cope, plaintiffs' expert witness, testified at trial that each plaintiff's home had depreciated in value due to the industrial activities on the defendants' adjacent property. Cope made on-site inspections of each of their homes, both interior and exterior. He interviewed the residents, talked with area realtors, and compared the sales of homes around the dirt pits to comparable homes throughout the parish. Cope appraised each plaintiff's home, calculating the value of each home as if it were not located near the dirt pits, and then recalculated its value being near the dirt pits. The trial court found that Mr. Cope's methodology was "flawed in certain areas," but that his "opinion [was] more credible." The trial court made adjustments to Cope's conclusions in its awards to the plaintiffs.
The defendants' expert, Mr. Richard Duchamp, testified that the value of the plaintiffs' homes had not been adversely affected at all by the activities of the defendants. Duchamp had made comparisons with other home sales in the area and had inspected the homes from the road and from an aerial view.
Notwithstanding, the trial court chose to accept Cope's testimony and used his figures to award damages for plaintiffs' decreased property values. It was well within its discretion to do so. We have reviewed the record and find no manifest error in the trial court's determination of the diminution of the property values of the plaintiffs.
This assignment of error is without merit.

MENTAL ANGUISH
Appellant, East Musique, contends that the trial court erred in awarding mental anguish damages to the plaintiffs, Menard, Mitchell, Ryan, and Speer. These plaintiffs were awarded damages for diminution of the value of their property from Superior alone, not from East Musique. Thus, East Musique contends that it was error to hold it accountable for mental anguish suffered solely from the property damage attributable to Superior.
In Kolder v. State Farm Insurance Co., 520 So.2d 960, 963 (La.App. 3 Cir.1987), we explained the four situations in which one may recover damages for mental anguish as a result of property damage. We stated:
These are: (1) when property has been damaged by an intentional or illegal act; (2) where property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuous nuisance; (4) when property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result. Dugas v. St. Martin Parish Police Jury, 351 So.2d 271 (La.App. 3rd Cir.1977), writ denied, 353 So.2d 1046 (La.1978); Royal Construction Co., Inc. v. Sias, 496 So.2d 1301 (La.App. 3rd Cir.1986).
The trial court, in its Reasons for Ruling, stated: "3) The East Musique and Superior dirt pit operations caused `real damage' to plaintiffs. These damages include mental anguish and diminution of the value of their respective properties." However, East Musique's activities did not damage these particular plaintiffs' property. Mental anguish damages for damages to property are available against the only entity or person causing the property damage. Thus, the trial court erred in holding East Musique liable for mental anguish damages to these plaintiffs. This portion of the trial court's judgment is reversed.

ALLOCATION OF FAULT
Appellants contend that the trial court erred in failing to allocate fault to all parties and nonparties, known or unknown, causing or contributing to the loss of the plaintiffs. Relying upon La.Civ.Code art. *556 2323, they contend that a question remains as to who caused what percentage of the damage; that there were two other dirt pits in the vicinity, which are now closed, that had been excavated to full capacity, and they were not named in the suit; and that the neighborhood was subject to other adverse influences such as mobile homes, substandard housing, a lawn mower repair shop, pet grooming operation, and a horse ranch.
In Grant v. Allstate Insurance Co., 96-1028 (La.App. 3 Cir. 6/4/97); 696 So.2d 275, 280, writs denied, 97-1579 (La.10/10/97); 703 So.2d 605, 97-1717 (La.10/10/97); 703 So.2d 606, we stated:
The allocation of comparative fault is a factual matter lying within the discretion of the trial court, and such determination will not be disturbed on appeal in the absence of manifest error. Boddie v. State of Louisiana, 27,313 (La.App. 2 Cir. 9/27/95); 661 So.2d 617. In making an allocation of fault the trier of fact is to consider the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed. Summerall v. Ouachita Parish School Board, 27,643 (La.App. 2 Cir. 12/8/95); 665 So.2d 734.
Additionally, to the extent that a party defendant seeks to have the benefit of comparative fault of another as a defense, it bears the burden of proof by a preponderance of the evidence that the other party's fault was a cause in fact of the damage being complained about. Trahan, 692 So.2d 490. The record does not contain such a level of proof by defendants in relation to anyone.
After a through review of the record, we are unable to say that the factual findings of the trial court were manifestly erroneous or clearly wrong concerning its findings of allocation of fault.
This assignment of error is without merit.

DAMAGES TO TAYLOR AND EAST MUSIQUE
Appellants contend that the trial court erred in not awarding damages to Taylor for abuse of process and mental anguish and East Musique for loss of income, past, present, and future. Because the appellants' Reconventional Demand was filed and served, yet never answered by the plaintiffs, they contend that the allegations in the Reconventional Demand are admitted, relying upon La.Code Civ.P. art. 1004, and that they proved substantial damages by the plaintiffs because of the harassment of Taylor and the customers of East Musique.
The trial court stated in denying the Reconventional Demand:
East Musique asserts that as no answer has been filed in response to its Reconvention Demand, all allegations set forth in the petition, with the exception to amounts of damage, are deemed admitted. While this may be so, the Court declines to award damages, as it is of the opinion that same were not sufficiently proven.
First, we note that the principal demand of the plaintiffs did not list Taylor, the owner of East Musique dirt pit, as a defendant. Only a named defendant in the principal demand may use a Reconventional Demand. Baldwin v. Antin, 95-0714 (La. App. 1 Cir. 2/23/96); 673 So.2d 1049. If the trial court had awarded damages to Taylor for mental anguish and abuse of process arising out of the plaintiffs' activities involving his business, this would have been error, because Taylor did not have a legal right of action against them in this litigation. Even if we construed Taylor's Reconventional Demand as an intervention pursuant to La.Code Civ.P. art. 1091, our review of the record does not establish that any damages are due from the plaintiffs.
Second, the standard of review of the trial court's decision not to award damages to Taylor's business, East Musique, alleged in the Reconventional Demand is whether the court's factual findings were manifestly erroneous or clearly wrong. The trial court found that East Musique failed to prove that the corporation suffered any losses resulting from the plaintiffs' actions in relation to it. We note that neither the owner of East Musique, Taylor, nor his son Damon Taylor, who ran his father's business and testified at trial, introduced any business or financial records at the trial to establish the business loss allegedly caused by the plaintiffs.
*557 It was solely within the discretion of the trial court to make the factual determinations concerning the proof in support of the Reconventional Demand. After a complete review of the record, we do not find that the trial court's decision that East Musique's damages were not sufficiently proven to be manifestly erroneous or clearly wrong.
This assignment of error is without merit.

CONCLUSION
The trial court did not err in finding that the plaintiffs had proven real damages, failing to assign comparative fault to other persons or entities, and failing to award Taylor and East Musique damages claimed in its Reconventional Demand. The trial court erred in holding East Musique liable for the mental anguish of plaintiffs Menard, Mitchell, Ryan, and Speer. This portion of the trial court's judgment is reversed. Appellant is cast with all costs.
AFFIRMED IN PART AND REVERSED IN PART.