_JjDECUIR, Judge.
Plaintiffs, Gerard and Loretta Perron, appeal the trial court’s judgment dismissing their claim for damages arising out of defendant’s, TCA Cable TV, placement of *853 a utility pole on the State right of way adjacent to their property. For the reasons that follow, we affirm.
FACTS
The Perrons own a shopping center at the intersection of Main Street and Landry Drive in New Iberia, Louisiana. The Perrons property abuts a State right of way that runs parallel to the road. TCA erected a stub pole with a power booster box and electric meter within this right of way. The Perrons requested that the pole be removed and TCA refused. The Per-rons filed suit against TCA, the City of New Iberia, and the State, through the Department of Transportation and Development. The City of New Iberia was released on an exception of no cause of action. DOTD filed a motion for summary judgment which was granted by the trial court and affirmed by this court. The case proceeded to trial against TCA and the trial court dismissed the Perrons’ claim against TCA. The Perrons lodged this appeal.
DISCUSSION
The Perrons contend that the trial court erred in dismissing their claim against TCA. They argue that La. R.S.48:381 requires that the expropriating agency obtain permission of the landowner or pay just compensation for use of the servitude. The initial difficulty with this argument is that the record establishes, and the Perrons acknowledge, that they are not the owners of the land on which the pole has been erected. However, the Perrons assert that they do have a property right in the servitude because of their right of access to their property. The trial court took note of this right and concluded that TCA’s pole did not interfere with that access.
|2The Perrons respond that, while access is not currently hindered, the pole interferes with future expansion of their driveway. TCA properly notes that La.R.S. 48:344, concerning entrances and exits to private property adjacent to state highways, would require the Perrons to show that relocation of their driveway was necessary. In the event that the Perrons fulfilled that requirement, La.R.S. 48:381 provides that DOTD can require TCA to relocate its pole. Accordingly, we find no error in the trial court’s conclusion that the Perrons are not entitled to compensation under the provisions of La.R.S. 48:381 as they do not own the property and have not been denied access.
The Perrons next argue that the trial court erred in dismissing their claim against TCA because, as adjacent property owners, they have suffered a diminution in the value of their property. The Perrons characterize their claim as an action for inverse condemnation, citing Constance v. State, through DOTD, 626 So.2d 1151 (La.1993), cert. denied, 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994). The Per-rons’ reliance on Constance is unfortunate in that the court said:
In assessing that special damage, it must be determined “whether that damage is not suffered by those in the general neighborhood — that is, whether the damage is peculiar to the individual who complains.” Therefore, this Court has concluded that damages such as the noise of traffic, a less pleasant view, and a circuitous or more inconvenient route to petitioner’s property, even when these factors resulted in an actual diminution of market value of the property, were not in themselves special damages and were not recoverable. The Reymond[255 La. 425, 231 So2d 375 (1970)] Court found that “[djamages which cause discomfort, disturbance, inconve *854 nience, and even sometimes financial loss as an ordinary and general consequence of public improvements are not compensable, and are considered dam-num absque injuria [loss without injury in the legal sense].”
Id. at 1156 (citations omitted).
| ¡¡Since these are precisely the type of damages asserted by the Perrons, the trial court was correct in concluding that an action for inverse condemnation provided them no relief.
However, the Constance opinion refers to damages owed by public bodies. The Perrons note that TCA is a private for-profit corporation. Though not specifically argued by the Perrons, perhaps they allude to La. Civ. Code arts. 667 and 668, regarding limitations on uses of property and inconvenience to neighbors. These articles deal with what an owner may do with his property and what inconvenience an adjacent owner must endure. TCA is not the property owner in this case, but is exercising rights of the owner in erecting its pole.
Liability under these articles is a determination to be made by the trier of fact based on the reasonableness of the conduct in light of the circumstances. Begnaud v. Camel Contractors, 98-207 (La.App. 3 Cir. 10/28/98); 721 So.2d 550, writ denied, 98-2948 (La.2/5/99); 738 So.2d 1. The analysis requires consideration of factors such as the character of the neighborhood, the degree of the intrusion on privacy, and the effect of the activity on the health and safety of the neighbors. Id. As factual findings, the trial court’s conclusions will not be disturbed on appeal unless manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In the present case, the trial court concluded that the placement of the pole was a mere inconvenience and did not give rise to damages. We find no error in this determination. This is a commercial area and there are other poles in the area. Access to the Perron property is not impaired. There has been no health or safety threat asserted and the inconvenience is largely aesthetic. In Acadian Heritage Realty v. City of Lafayette, 451 So.2d 17 (La.App. 3 Cir.); writs denied, 452 So.2d 696, 697 (La.1984), we found a thirty-foot-high pile of waste at a landfill to be a mere | ¿“inconvenience.” Under these circumstances, we cannot say the trial court’s conclusion that the pole and box in this case are merely an inconvenience is manifestly erroneous. This assignment has no merit.
CONCLUSION
For the foregoing reason, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellants, Gerard and Loretta Perron.
AFFIRMED.