STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**03-1394**


**JASPER AND MARY RIZZO**

**VERSUS**

**HEATH NICHOLS**


**********

APPEAL FROM THE
ALEXANDRIA CITY COURT
PARISH OF RAPIDES, NO. 96,986
HONORABLE RICHARD E. STARLING, JR., CITY COURT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**


Eugene P. Cicardo, Jr.
Post Office Box 1128
Alexandria, LA   71309-1128
(318) 445-2097
COUNSEL FOR PLAINTIFFS/APPELLEES:
    Jasper and Mary Rizzo

Malcolm X. Larvadain
626 Eighth Street
Alexandria, LA   71301
(318) 445-3533
COUNSEL FOR DEFENDANT/APPELLANT:
    Heath Nichols

AMY, Judge.

Plaintiffs, husband and wife, sought recovery for damage that occurred after the defendant changed the natural drainage of water across the plaintiffs' property. The trial judge determined that the defendant had notice that construction activities at this particular location would cause such drainage problems and that the defendant's activities were a cause-in-fact of the water damage to the plaintiffs' property. The trial judge awarded the plaintiffs actual damages as well as damages for inconvenience and mental anguish. From this judgment, the defendant appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

According to the record, Jasper and Mary Rizzo, plaintiffs herein, moved into a house on Brooks Boulevard in Alexandria, Louisiana, in November 2001. At the time, and for several months thereafter, the Rizzos' property was located next to a vacant lot. Mr. Rizzo testified at trial that when it rained, the water that fell on his and the adjoining properties was channeled into a lower area that ran across the adjacent property and drained into the street. The record further indicates that Heath Nichols, defendant herein, purchased the vacant lot contiguous to the Rizzos' in June 2001. Mr. Nichols began construction of a duplex apartment shortly thereafter, whereupon the Rizzos' property allegedly began to flood. Mr. Rizzo filed the instant suit for damages on October 30, 2002, and a bench trial was held in the matter on April 29, 2003.

Mr. Rizzo testified at trial that until Mr. Nichols began construction on the duplex, his—Mr. Rizzo's—property never flooded after it rained. However, Mr. Rizzo noted, after construction, the natural drainage across Mr. Nichols's property was disrupted, and Mr. Rizzo began to have problems with standing water. He

approached Mr. Nichols about the drainage problems, and he recalled that Mr. Nichols agreed to "look into it." Mr. Rizzo testified that he approached Mr. Nichols two or three more times after their initial conversation to repeat his request that he do something about the flooding, but Mr. Nichols took no further action. At trial, Mr. Rizzo advanced the theory that Mr. Nichols had built the duplex "up," at a higher elevation than the surrounding land, thereby causing Mr. Rizzo's property to be the low spot where water collected after a rain. Mr. Rizzo testified that the standing water had damaged the shed that stood behind his house and that he eventually had to install a catch basin at the back of his property to ameliorate the drainage problem.

The trial judge issued written reasons for judgment on June 20, 2003, in which he observed that the primary issue for determination in the matter was whether Mr. Nichols knew or was aware that construction on his property would cause damage and whether he could have prevented that damage by the exercise of reasonable care. The trial judge noted that Mr. Nichols admitted at trial that he had discussed the drainage issue with two plumbers but had not taken any action. As such, the trial judge concluded, Mr. Nichols had notice that his activities would cause damage to the Rizzos' property. The trial judge likewise concluded that the construction on Mr. Nichols's property was a cause-in-fact of the damage to the Rizzos' property. Accordingly, the trial judge awarded the Rizzos damages in the amounts of $2,175.00 for construction of a catch basin; $750.00 for repairs for water damage to the shed; $2,000.00 in inconvenience damages for the loss of use of the shed, loss of use of the yard, and standing water on the property; and $2,000.00 general damages for mental anguish. Mr. Nichols appeals the trial judge's findings.

**Discussion**

Mr. Nichols advances the following assignments of error on appeal:

1. The trial court erred in its determination that Mr. Nichols knew that constructing the duplex on his property would cause flooding on the Rizzos' property.

2. The trial court erred in awarding damages of $2,175.00 for the installation of a catch basin on the Rizzos' property.

3. The trial court erred in awarding damages of $750.00 for repairs to the water damage in the Rizzos' shed.

4. The trial court erred in awarding inconvenience damages of $2,000.00 for the Rizzos' loss of use of the shed, loss of use of their yard, and for the standing water on their property.

5. The trial court erred in awarding general damages of $2,000.00 for the Rizzos' mental anguish.

The present appeal involves the obligations of vicinage, set forth in Articles 667-669 of our Civil Code. Louisiana Civil Code Article 667, the provision of law that governs the instant matter, states, in pertinent part, as follows:

> Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. . . .

In *Begnaud v. Camel Contractors, Inc.*, 98-207, pp. 5-6 (La.App. 3 Cir. 10/28/98), 721 So.2d 550, 554, *writ denied*, 98-2948 (La. 2/5/99), 738 So.2d 1, a panel of this court discussed the concept of reasonable care in context of vicinage as follows:

> Whether an owner of property is liable to his neighbors under the Civil Code Articles of vicinage, La.Civ.Code arts. 667-669, is a determination to be made by the trier of fact based upon the reasonableness of the conduct in light of the circumstances, and such an

3

analysis requires consideration of factors such as the character of the neighborhood, the degree of intrusion privacy [sic] and the effect of the activity on the health and safety of the neighbors. *Barrett v. T.L. James & Co.*, (La.App. 2 Cir. 4/3/96); 671 So.2d 1186, *writ denied*, 96-1124 (La. 6/7/96); 674 So.2d 973.

A trial court's determinations in vicinage cases are reviewed by an appellate court pursuant to the manifest-error standard. *Begnaud*, 721 So.2d at 554.

In the present appeal, Mr. Nichols argues that testimony elicited at trial establishes that he neither knew nor could have known that the construction activities on his property would cause flooding and damage to the Rizzos' property. Mr. Nichols maintains that although he knew that water stood on his property after a heavy rain, he did not know that said standing water would cause damage. In support of his assertion that he was unaware of the consequences of building on his property, Mr. Nichols points out that "standing water is common throughout the entire neighborhood" and that he "employed a reputable contractor, who built the duplex [on Mr. Nichols's property] in accordance with local codes and regulations."

According to the record of the proceedings below, Mr. Rizzo testified that he had informed Mr. Nichols of the drainage problem soon after construction began. Mr. Nichols's testimony confirmed that Mr. Rizzo had approached him during construction and that he had contacted two plumbers about remedying the situation. However, the record indicates that Mr. Nichols did nothing further to provide a solution to the disrupted drainage pattern occasioned by his activities. Instead, the record reflects that Mr. Rizzo installed a catch basin on his property in an attempt to remedy the situation.

Where an aggrieved party seeks recovery under the law of vicinage for damage occasioned by a neighboring landowner's activities, that party must demonstrate a causal link between the damage sustained and the neighboring landowner's action or

inaction. *Haworth v. L'Hoste*, 95-0714 (La.App. 4 Cir. 11/30/95), 664 So.2d 1335, *writ denied*, 96-408 (La. 3/29/96), 670 So.2d 1235.

At trial, Mr. Elbert Wiggins, the previous owner of the Rizzos' property, testified that his land never flooded during the five years that he lived there; instead, he noted, water drained from his property through the lower-lying area that ran across the adjacent vacant lot, now owned by Mr. Nichols. Mr. Rizzo likewise testified that before Mr. Nichols began construction, his property never flooded, and water drained in the manner described by Mr. Wiggins. Mr. Rizzo introduced into evidence photographs of his land, taken before construction activities commenced next door, which showed the low-lying area on the adjacent property. He then introduced photographs of his property after construction began in which standing water covered substantial portions of his yard and surrounded his shed. Additional photographs, taken of Mr. Nichols's duplex after its completion, show that the duplex was built at a higher elevation than the surrounding land, as indicated by the dirt and sod sloping downward from the building to the level of Mr. Rizzo's property.

We find no manifest error in the trial judge's determination that Mr. Nichols knew that the activities on his property would cause damage to the Rizzos' property and that he could have prevented such damage by the exercise of reasonable care. Moreover, we find no manifest error in the trial judge's determination that the construction activities undertaken by Mr. Nichols disrupted the natural drainage of his and the Rizzos' respective properties and that these activities were the cause-in-fact of the Rizzos' damages. This assignment is without merit.

*Damages*

In addition to general damages, a plaintiff in a vicinage cause of action may recover damages for mental anguish, discomfort, irritation, anxiety, and loss of use and/or enjoyment of his property. *Branch v. City of Lafayette*, 95-298 (La.App. 3 Cir. 10/4/95), 663 So.2d 216. A trial court is afforded great discretion in fixing damages in accordance with its factual determinations in a case, and an appellate court may not disturb such awards absent a clear abuse of this discretion. *Arnold v. Town of Ball*, 94-972 (La.App. 3 Cir. 2/1/95), 651 So.2d 313.

With respect to the catch basin, Mr. Nichols argues on appeal that the Rizzos paid "an excessive amount" for it and that the trial court's award of $2,175.00 for its installation is excessive. Mr. Nichols proposes that this same catch basin could be installed for $1,000.00. Moreover, Mr. Nichols argues that four properties benefit from the catch basin, and he should not be required to "bear the entire expense."

Regarding the award of $750 for repairs to the water-damaged shed, Mr. Nichols claims that the evidence presented at trial fails to establish conclusively that the shed sustained damages. Mr. Nichols points out that none of the boards in the shed were rotten.

Mr. Nichols further argues that the award of $2,000.00 for inconvenience is not warranted because the Rizzos' land is low-lying and because an "unusual amount of rain fell in 2002."

When we examine the record, we find that the trial judge did not abuse his vast discretion in awarding the Rizzos damages for the installation of the catch basin, for repairs to the shed, and for inconvenience. The evidence presented at trial clearly supports such awards. These assignments of error lack merit.

6

With respect to recovery for mental anguish, a panel of this court noted in *Begnaud* that such damages are appropriate:

> (1) when property has been damaged by an intentional or illegal act; (2) where property is damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) when property is damaged by acts constituting a continuous nuisance; (4) when property is damaged at a time in which the owner thereof is present or situated nearby and the owner experiences trauma as a result. [Citations omitted.]

*Begnaud*, 721 So.2d at 555 (quoting *Kolder v. State Farm Ins. Co.*, 520 So.2d 960, 963 (La.App. 3 Cir. 1987)).

Regarding the award of $2,000.00 for mental anguish, Mr. Nichols claims that such an award was inappropriate because the Rizzos failed to prove that any of the four considerations listed in *Begnaud*, above, were applicable.

Mr. Rizzo testified at trial that the standing water on his property kept him from venturing into his back yard and proved a breeding ground for mosquitoes. He also testified that the shed would often be unusable for a week's time after the water receded. Moreover, Mr. Rizzo testified that the condition of his property caused tension between him and his wife. Based upon our review of the record, we find no abuse of discretion on the part of the trial judge in awarding $2,000.00 to the Rizzos for mental anguish due to damage to their property. This assignment is without merit.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this proceeding are assigned to the defendant-appellant, Heath Nichols.

**AFFIRMED.**

7