**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1517

RANDY WILLIAMS

VERSUS

IESI LA CORPORATION AND
JOHN DOE

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT,
PARISH OF AVOYELLES, NO. 2004-6166-a
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

**J. DAVID PAINTER**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

**John T. Bennett, Attorney at Law**
**P.O. Box 275**
**Marksville, LA 71351**
**Counsel for Plaintiff/Appellee:**
        **Randy Williams**

**Cory P. Roy, Attorney at Law**
**P.O. Box 544**
**Marksville, LA 71351**
**Counsel for Plaintiff/Appellee:**
        **Randy Williams**

**Edward Rundell, Attorney at Law**
**P.O. Box 6118**
**Alexandria, LA 71307-6118**
**Counsel for Defendants/Appellants:**
        **IESI LA Corporation and Continental Casualty Company**

**PAINTER, Judge.**

Defendants, IESI LA Corporation and Continental Casualty Company, appeal the trial court judgment in favor of Plaintiff, Randy Williams (Williams), in this personal injury suit. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On the morning of December 17, 2003, Williams was at his residence in Mansura, Louisiana. When he heard the garbage truck coming down his street, he went outside and asked one of the men working of the garbage truck, which was owned by IESI and operated by IESI employees, for assistance. Williams and the IESI worker brought the garbage cans to the road where they were emptied into the truck and then returned to Williams' porch. Williams then went to retrieve some items from the trunk of his car. Williams testified that he heard some snapping noises and was struck by the end of a cable wire that had been snagged by the garbage truck. When the workers on the garbage truck were made aware of the situation, they stopped, pulled the wire loose, and told Williams that they would send someone to fix the cable wire. Williams' pit bull had gotten out of his yard when the wire become tangled on the fence, and the truck pulled the fence down. A neighbor called the police to report the loose dog. Williams relayed the details of the incident to the police officer.

Williams filed suit against IESI alleging injuries to his neck and shoulder. The matter proceeded to a bench trial. The trial judge found IESI to be one hundred percent (100%) at fault in causing the subject accident, ruled in favor of Williams, and awarded him $75,000.00 for past pain and suffering and $9,437.20 for past medical bills. The judgment reduced the award to Williams to $50,000.00, plus interest from the date of judicial demand (March 16, 2004) pursuant to a stipulation filed by Williams that his damages did not exceed $50,000.00.

IESI now appeals, asserting that: (1) the trial court erred, as a matter of fact, in finding that there was flap on the top of the garbage truck that snagged the television cable and caused the accident; (2) the trial court erred, as a matter of law, in finding

1

that Williams met his burden of proving that IESI breached its duty of care and that this breach caused the accident; and (3) the trial court erred, as a matter of law, in failing to consider an equally plausible explanation for the accident other than IESI's fault (the fault of the cable company in maintaining a television cable in violation of La.R.S. 45:781).

We find no merit in IESI's arguments and affirm the trial court's judgment.

## DISCUSSION

We first consider IESI's argument that the trial court erred in finding that there was flap on the top of the garbage truck that snagged the television cable and caused the accident. It is well-settled that we review a trial court's finding of fact under the manifest error standard of review. "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1111 (La.1990).

IESI complains that Williams was the only witness who testified that there was a flap rising from the garbage truck at the time of the incident in question and that Williams did not mention this to the police officer or in a written statement made moments after the accident. In this case, the trial judge made mention several times in his oral reasons for ruling of how closely he scrutinized Williams' testimony. He found Williams to be a credible witness. In *Rosell v. ESCO*, 549 So.2d 840, 844 (La.1989), our supreme court instructed intermediate appellate courts on evaluating the credibility of any witness as follows:

> When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact's findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. . . . Where documents or objective evidence so contradict the witness's story, or the story itself is so implausible on its face, that a reasonable fact finder would not credit the witness's story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. . . . But where such factors are not present, and a factfinders's finding is based on its decision to credit the testimony of one or two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong[.]"

2

Julie Howell, an office employee of IESI, testified that the garbage trucks did have flaps on the very top. She testified that she did not get up on a ladder to inspect the truck involved in this incident on the day in question and that she was not familiar with whether or not the flaps came loose or how they were repaired if they did. She did state that she did not see anything sticking up on the back of the truck involved in the incident on the day in question.

IESI further points to several inconsistencies in Williams' testimony as to what exactly hit him (a cable, an anchor, or a silver piece of metal), where he was hit, and with how much force he was hit. IESI argues that all of the inconsistencies in Williams' testimony render the trial court's decision to find him credible unreasonable. We disagree. The trial judge specifically noted that he scrutinized Williams' testimony very carefully and that Williams ultimately impressed him as a simple man who was being honest. The trial judge further noted that he did not see any material or significant issue that would cause him to believe that Williams was attempting to mislead him. We agree and find that Williams was consistent in the major details: that a cable that had been snagged by the garbage truck struck him and that he began to feel pain within a few hours of the incident. Thus, we find no manifest error in the trial court's ruling that there was flap rising from the top of the garbage truck.

We next consider IESI's argument that the trial court erred as a matter of law in finding that Williams met his burden of proving that IESI breached its duty of care and this breach caused the accident.

The duty/risk analysis consists of a four-prong inquiry: (1) Was the conduct in question a cause-in-fact of the harm which occurred? (2) Did the defendant owe a duty to the plaintiff? (3) Was that duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached? *Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169 (La.5/22/09), 16 So.3d 1065. "Under [this] analysis, all four inquiries must be affirmatively answered for plaintiff to recover."

3

*Id.* at 1086. In *Hanks v. Entergy Corp.*, 06-477, p. 19-20 (La.12/18/06), 944 So.2d 564, 578, the supreme court pointed out that:

> In an action to recover damages for injuries allegedly caused by another's negligence, the plaintiff has the burden of proving negligence on the part of the defendant by a preponderance of the evidence. *Benjamin ex rel. Benjamin v. Housing Authority of New Orleans*, 04-1058, p. 5 (La.12/1/04), 893 So.2d 1, 4; *Cangelosi v. Our Lady of the Lake Regional Medical Center*, 564 So.2d 654, 664 (La.1989). Proof is sufficient to constitute a preponderance when the entirety of the evidence, both direct and circumstantial, shows the fact sought to be proved is more probable than not. *Benjamin*, 04-1058 at p. 5, 893 So.2d at 4-5; *Cangelosi*, 564 So.2d at 664. Thus, the plaintiff in this type of action must produce evidence from which the factfinder can reasonably conclude his injuries, more probably than not, were caused by the negligence of the particular defendant. *Cangelosi,* 564 So.2d at 664. The plaintiff, however, does not have to conclusively exclude all other possible explanations for his injuries, because the standard is not proof beyond a reasonable doubt. *Cangelosi*, 564 So.2d at 664; *Boudreaux v. American Insurance Co.*, 262 La. 721, 736-38, 264 So.2d 621, 626-27 (1972). Placing the burden of proof on the plaintiff requires him ultimately to persuade the factfinder concerning the defendant's negligence, and if the factfinder is undecided after all the evidence has been presented, the plaintiff loses because of the failure of his evidence. *Cangelosi*, 564 So.2d at 664; *Boudreaux*, 262 La. at 736-38, 264 So.2d at 626-27.

The duty element is a question of law while whether a defendant breached that duty and whether that breach was a cause in fact of plaintiff's injuries are factual questions to be determined by the factfinder. *Benjamin*, 893 So.2d 1.

In this instance, IESI takes issue with the trial court's finding that Williams met his burden of proving a breach of the duty of care owed to him by IESI. IESI asserts that, though difficult to understand, the trial court failed to recognize that Williams had the burden to show the height of the IESI garbage truck with the flap up and that, in effect, the trial court improperly reversed the burden of proof and did not have sufficient evidence from which to determine IESI's fault. IESI does not dispute that it owes a duty to Williams.

The trial judge found it suspicious that after the incident, the garbage truck returned to the office so that the workers could "chit chat" and then resumed its route in Mansura. Again, the trial court's finding that there was some sort of flap protruding from the top of the garbage truck is a factual finding, and we find no

4

manifest error with that finding. Likewise, we find no manifest error in the trial court's factual finding that this protrusion constituted a breach in the duty of care.

Finally, we consider IESI's argument regarding third party fault. IESI contends that the trial court erred in failing to consider the fault of the cable company in maintaining a television cable in violation of La.R.S. 45:781(A). IESI pled third party fault in its answer. "A party who relies upon a comparative fault defense bears the burden of proving by a preponderance of the evidence that such negligence was a cause in fact of the accident." *Terro v. Casualty Reciprocal Exchange*, 93-953, p. 4 (La.App. 3 Cir. 2/2/94), 631 So.2d 157, 654, *writ denied*, 94-522 (La. 4/22/94), 637 So.2d 157. Here, IESI bears the burden of proof that the cable company's fault was a cause-in-fact of the damage complained. *Begnaud v. Camel Contractors, Inc.*, 98-207 (La.App. 3 Cir. 10/28/98), 721 So.2d 550, *writ denied*, 98-2948 (La. 02/5/99), 738 So.2d 1. We must afford a trial court's apportionment of fault great deference on review, and the trial court's ruling must be affirmed unless it is manifestly erroneous or clearly wrong. *Estate of Francis v. City of Rayne*, 07-359 (La.App. 3 Cir. 10/3/07), 966 So.2d 1105, *writ denied*, 07-2119 (La. 2/15/08), 976 So.2d 176. We review the trial court's allocation of fault under the manifest error standard of review as it is a factual determination. *Clement v. Frey*, 95-1119 (La.1/6/96), 666 So.2d 607

We agree with Williams in his assertion that IESI failed to meet this burden of proof. We find no evidence concerning the cable company's duty to maintain the wires or its maintenance of them. Therefore, we find no manifest error in the trial court's refusal to assign any percentage of fault to the cable company.

**DECREE**

For all of the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Defendants/Appellants, IESI LA Corporation and Continental Casualty Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.